IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DISTRICT DIVISION

RAMONA TWO SHIELDS AND
MARY LOUISE DEFENDER WILSON
individually, and on behalf of other similarly situated,

    Plaintiffs,

v.

SPENCER WILKINSON JR., et al.

    Defendants

)
)
)
)
)
)
)
)
)

Civil Case
No. 4:12-cv-00160-DLH-CSM

**DEFENDANTS' PRESENTATION FOR ORAL ARGUMENT**

**ON DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO RULES 12(b)(1), 12(b)(6) AND 12(b)(7)**

November 15, 2013





**RULE 12(b)(7)**

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| Can a defendant move to dismiss for failure to join a required party? | YES | • Fed. R. Civ. P. 12(b)(7) allows a party to assert by motion the defense of "failure to join a party under Rule 19." | Mem. at 3 |

**RULE 19(a)(1) - The United States Is a Required Party**

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| Is a party required to be joined if it claims an interest in the case that cannot be protected in its absence? | YES | • Fed. R. Civ. P. 19(a)(1)(1)(B)(i)<br><br>  ○ A person must be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may [] as a practical matter impair or impede the person's ability to protect the interest." | Mem. at 5 |
| Is the United States' interest related to this case? | YES | • Plaintiffs seek to litigate whether the U.S. (1) owed Plaintiffs a fiduciary duty; and, if so, (2) breached that duty<br><br>• The U.S. has an interest in defending the scope of its duties<br><br>• The U.S. has an interest in avoiding liability and/or the need to modify its lease approval processes<br><br>• The U.S. is on trial for the same alleged breach in the Court of Federal Claims | Mem at 5;<br>Reply at 2-5 |

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| **Could a decision for Plaintiffs practically impair or impede the United States' ability to protect its interest?** | YES | • The U.S. is a required party when the underlying issue is whether the U.S. violated the law. *Nichols v. Rysavy*, 209 F.2d 1317 (8th Cir. 1987); *Manypenny v. U.S.*, 125 F.R.D. 497 (D. Minn. 1989)<br><br>• A ruling for Plaintiffs would require the U.S. to reconstruct or change its lease approval practices or risk continued enforcement of unlawful leases. If a lawsuit may result in invalidation or modification of the U.S.'s practices or decisions, then the U.S. is a required party. *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070 (9th Cir. 2010)<br><br>• A ruling for Plaintiffs would have ramifications beyond this case:<br>  ○ Creation of a fiduciary duty running to Plaintiffs<br>  ○ Persuasive effect on current CFC case and future cases by other plaintiffs involving lease approvals where plaintiffs believe after-the-fact that they should have cut a better deal | Mem. at 6-8; Reply at 2-5 |
| **Can allottees always sue to enforce an interest in trust lands without joining the United States?** | NO | • The U.S.'s trustee status does not prevent allottees from suing without the U.S. to enforce an interest in their allotted lands.<br><br>• But where the interests of allottees and the U.S. are adverse, and "the lawfulness of the United States' actions form the central issue" of the underlying case, the U.S. is a required party. *Paiute-Shoshone Indians v. City Of Los Angeles*, 637 F.3d 993, 1002 (9th Cir. 2011) (rejecting the same general rule and authority proffered by Plaintiffs in their *amicus* response that the U.S. is never an indispensible party when allottees sue to enforce their rights in allotted land). | Reply at 2-5 |
| **Are joint tortfeasors required parties when a decision may impair or impede their ability to protect their interest?** | YES | • A plaintiff generally does not have to sue every tortfeasor.<br><br>• But unlike a "routine" joint tortfeasor, if a court's decision requires adjudication of an absent party's conduct, the joint tortfeasor may be a required party. *See Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847-48 (11th Cir. 1999) | Reply at 5 |

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| Is issue preclusion required to trigger Rule 19 protection? | NO | • A court cannot "always proceed without considering the potential effect on nonparties simply because they are not 'bound' in the technical sense. Instead, as Rule 19(a) expresses it, the court must consider the extent to which the judgment may as a *practical* matter impair or impede his ability to protect his interest in the subject matter." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110 (1968)<br><br>• Negative persuasive precedent is not the lone concern in this case, where the U.S. is concerned with necessary changes to its policies and procedures. Under Plaintiffs' argument, a party would never be required unless it was bound by the ruling. The multitude of caselaw finding parties to be required demonstrates that Plaintiffs are incorrect. | Reply at 5-6 |
| Can the U.S. be joined? | NO | • Plaintiffs concede they cannot join the U.S. for money damages.<br><br>• The U.S. has not waived sovereign immunity.<br><br>• Court of Federal Claims has exclusive jurisdiction over monetary claims against the U.S. over $10,000. *See* 28 U.S.C. §§ 1346, 1491. | Mem. at 8 |

## RULE 19(b) - This Case Cannot Proceed Without the United States

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| **Must this Court account for the equitable concerns of *all* present and absent parties?** | **YES** | • The Court must consider the interests four separate interests:  Plaintiffs', Defendants', the U.S.', and the Court's and public's.  *Nichols v. Rysavy*, 809 F.2d 1317, 1332 (8th Cir. 1987)<br><br>• The decision "must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling in themselves, and some subject to balancing against opposing interests." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 (1968) | Mem. at 9-10 |
| **Do Plaintiffs have an adequate, alternate forum?** | **YES** | • Rule 19 requires the Court to consider "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."  Fed. R. Civ. P. 19(b)(2)(4).<br><br>• Plaintiffs can fully recover in the Court of Federal Claims against the alleged fiduciary, the U.S.  Plaintiffs availed themselves of this forum before filing this case.<br><br>• *See Paiute-Shoshone Indians v. City of Los Angeles*, 637 F.3d 993, 1000 (9th Cir. 2011) (dismissing claims against private defendants after plaintiffs failed to take advantage of opportunity to bring claim against the United States before the Indian Claim Commission) | Mem. at 11; Reply at 7-8 |
| **Are Plaintiffs left without a remedy if this case is dismissed?** | **NO** | • Plaintiffs can sue, and have sued, in the Court of Federal Claims.<br><br>• Plaintiffs seek full recovery from the U.S. for the same breach Defendants allegedly encouraged.<br><br>• "It would be inequitable to force the United States and the Corporate Defendants to defend the United States' conduct in a matter in which the United States is not a party, especially where the action could be brought against the United States—a highly solvent defendant—if done in the appropriate forum." *Begay Pub. Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1208 (D.N.M. 2010) | Reply at 7-8, 9-10 |

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| If Plaintiffs could assert a valid claim against Defendants, shouldn't they be allowed to sue them? | NO | • Rule 19 recognizes the reality that otherwise valid claims must be dismissed. *See Manypenny v. United States*, 125 F.R.D. 497 503, n.3 (D. Minn. 1989) (Upon dismissing a case against private defendants when the U.S. could not be joined: "'The Court is sensitive to the fact that the result reached here might be analogized to the infamous 'Catch 22.' However, where both parties are well represented by competent counsel, and the facts and law both demand one result, the Court must discharge its sworn duties by administering 'justice without respect to persons.'"") | Reply at 8 |
| Are Defendants the sole cause of the alleged harm? | NO | • No.  Plaintiffs only allege that Defendants aided and induced the U.S.'s breach. Plaintiffs seek to recover fully from the U.S. for the breach in the Court of Federal Claims. | Reply at 9-10 |
| Will Defendants be prejudiced if this case proceeds? | YES | • The Court must consider "the extent to which a judgment rendered in the United States' absence might prejudice the existing parties." *Paiute-Shoshone Indians v. City of Los Angeles*, 637 F.3d 993, 1001 (9th Cir. 2011).<br><br>• Defendants have a significant interest in avoiding the prejudiced caused by defending a case that depends on whether an absent U.S. violated the law. *Id.* (dismissing a claim against non-U.S. defendants where "proceeding with [the] suit in the absence of the United States therefore would prejudice [defendant] because ... by itself [the defendant could not] defend effectively against the crux of the Plaintiff's allegations....")<br><br>• Defendants were not involved in the U.S.'s approval process or the final decision. | Mem at 12-13 |
| Are Plaintiffs trying to force Defendants to defend the actions of the United States? | YES | • Plaintiffs concede that their claims "require[] a showing of breach of fiduciary duty by the United States."  Complaint (Dkt. No. 1) at ¶ 18. | Reply at 8-9 |

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| Can Defendants adequately defend themselves when the claims depend on an alleged wrongdoing by the United States? | NO | • Defendants were not involved in the U.S.'s decision-making process<br>• Defendants are not familiar with U.S.'s internal policies and procedures for lease approvals.<br>• Defendants face significant discovery hurdles<br>  ○ Difficulty obtaining information in response to subpoenas<br>  ○ Extensive Touhy regulations make it difficult to obtain records or testimony from the Department of the Interior | Mem. at 12-13; Reply at 8-9 |
| Does the United States have an interest in dismissal? | YES | • The same reasons why the U.S. is a required party under Rule 19(a) demonstrate why the U.S. has an interest in dismissal.<br>• U.S. has an interest in unrelated parties defending allegations of its misconduct. | Mem. at 13-14 |
| Do the public and court system have an interest in dismissal? | YES | • If the Court of Federal Claims finds that the U.S. has no duty or did not breach any duty, Plaintiffs' claims against the private Defendants fail.<br>• Alternatively, Plaintiffs may obtain full recovery in the Court of Federal Claims.<br>• Simultaneously litigating both cases could result in inconsistent outcomes. | Mem. at 14 |
| Do all four interests weigh in favor of dismissal? | YES | • The interests of the Defendants and the absent U.S. are the "dominant" factors. *Manypenny*, 125 F.R.D. at 502. | Mem. at 10-11; Reply at 8 |



## RULE 12(b)(1) - NO RIPENESS DUE TO FAILURE TO EXHAUST

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| Do the Bureau of Indian Affairs regulations provide for appeal of BIA decisions? | YES | • BIA regulations provide for appeals of administrative decisions, including lease and assignment approvals. 25 C.F.R. § 212.58. | Mem. at 6 |
| Did Plaintiffs pursue their right to appeal with the BIA? | NO | • Plaintiffs concede they did not seek any appeal with the BIA. | Resp. at 41-50 |
| Because Plaintiffs failed to exhaust the available BIA remedies, is the BIA's decision "final"? | NO | • BIA regulations specify that appeal is required before a decision is "final."<br> ○ 25 C.F.R. 212.58 (appeals may be taken "pursuant to 25 CFR part 2")<br> ○ 25 C.F.R. 2.6 ("No decision, which at the time of its rendition is subject to appeal to a superior authority in the Department, shall be considered final so as to constitute Department action subject to judicial review...")<br>• *Blackbear v. Norton*, 93 Fed.Appx. 192 (10th Cir. 2004)<br> ○ Party who "chose not to appeal" could not "point to a final agency action" upon which to base a claim | Mem. at 6-7; Reply at 2-3 |
| Without a final BIA decision, does this Court have jurisdiction? | NO | • An administrative decision is not ripe unless it is final. *Froholm v. Cox*, 934 F.2d 959, 963-64 (8th Cir. 1991) (affirming dismissal by this Court when agency mineral leasing decision "was not a final decision because appellants had administrative review procedures available to them" and "the issue was not ripe for judicial review.")<br>• *Country Club Estates, L.L.C. v. Lorna Linda*, 281 F.3d 723 (8th Cir. 2002) – Affirmed dismissal of claim as unripe because "Plaintiffs <u>could have, but did not</u>" pursue administrative appeal.<br>• *Kakaygeesick v. Salazar*, 389 F. App'x 580 (8th Cir. 2010) - No jurisdiction for failure to exhaust BIA remedies<br>• This Court held that BIA's regulations "require an administrative appeal...before judicial review...can be obtained." *Fort Berthold Land & Livestock Ass'n v. Anderson*, 361 F.Supp.2d 1045, 1052 (D.N.D. 2005)<br> ○ Well-established that plaintiff must exhaust "before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." | Mem. at 7-8; Reply at 2-3 |

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| **Does it matter that 25 U.S.C. § 396 does not mention exhaustion?** | NO | • Ripeness is an Article III requirement.<br>• Case law above demonstrates that non-final agency decisions are not ripe.<br>   o *See also Harris v. P.A.M. Trans, Inc.*, 339 F.3d 635 (8th Cir. 2003) (dismissal for failure to exhaust DOT administrative remedies even though there was no statutory exhaustion requirement)<br>• *Klaudt v. U.S. Dept. of Interior*, 990 F.2d 409 (8th Cir. 1993)<br>   o "The federal regulations [in 24 C.F.R. Part 2] provide that administrative procedures must be followed before seeking relief in the court system." | Mem. at 6-8; Reply at 2 |
| **Is the exhaustion requirement limited to APA claims?** | NO | • *Lane v. U.S. Dept. of Agr.*, 187 F.3d 793 (8th Cir. 1999)<br>• *Klaudt v. U.S. Dept. of Interior*, 990 F.2d 409, 411 (8th Cir. 1993)<br>    Dismissed for failure to exhaust BIA procedures; does not mention APA | Reply at 2-4 |

## PRUDENTIAL EXHAUSTION REQUIREMENT BARS REVIEW

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| **Must the court consider the prudential exhaustion requirement?** | **YES** | • Courts are required to consider the "prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Social Servs, Inc*, 509 U.S. 43, 57 n. 18 (1993) | Mem. at 9; Reply at 4 |
| **Does Plaintiffs' case implicate the prudential reasons to decline jurisdiction** | **YES** | • Failure to exhaust thwarts "four primary purposes" of the exhaustion requirement. *McKart v. U.S.*, 395 U.S. 185 (1969)<br><br>  ○ Respect for agency authority - This Court recognized that without the exhaustion requirement, "people would be encouraged to ignore the administrative dispute resolution structure, destroying its utility." *Fort Berthold* (D.N.D. 2005). Plaintiffs attempt to do precisely that.<br><br>  ○ Protection of agency autonomy - Agencies, "not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." *McCarthy v. Madison*, 503 U.S. 140 (1992) Plaintiffs ask this Court to implement the regulations their way instead, in hindsight, and without the benefit of the agency's views, information, and expertise.<br><br>  ○ Furthering judicial review - Agencies must have the chance to develop the factual background, exercise discretion given to that agency, and apply its expertise. *McKart* (1969). BIA was never given an opportunity to consider its own decisions, or use its discretion and expertise,<br><br>  ○ Promoting judicial economy - Requiring review prior to suit avoids needless repetition, and enables courts to effectively and efficiently adjudicate claims when they are then brought to court. Exhaustion of remedies in Plaintiffs' case certainly would have served this purpose.<br><br>• AND: Courts must consider whether "allowing all similarly situated" plaintiffs to "bypass" administrative review "would seriously impair the agency's ability to perform its functions." *McGee v. United States*, 402 U.S. 479 (1971). | Mem. at 9-10; Reply at 5 |

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| **Does Plaintiffs' failure to exhaust require this court to decline jurisdiction?** | **YES** | • Dismissal is not a "suggestion." It is a bar to review; a requirement that is "to be relaxed only under extremely exceptional and unusual circumstances." *Ft. Berthold*, 361 F. Supp. 2d at 1051 (quoting *Glover*) | Mem. at 9-10; Reply at 4-5 |
| | | • Eighth Circuit recognizes that even where exhaustion is not a jurisdictional bar, dismissal is still <u>required</u> if a party fails to exhaust administrative remedies. *Peters v. Union Pac. R. R. Co.*, 80 F.3d 257 (8th Cir. 1996) | |
| | |    o Like here, the *Peters* plaintiff tried to sue a private party, under state law, based on actions taken pursuant to federal regulations. | |
| | |    o Dismissal required where plaintiff could have, but did not, exhaust remedies (where regulation stated individuals "may petition" review). | |
| | | • *Begay v. Pub. Serv. Co. of N.M*, 710 F.Supp.2d 1161 (D.N.M. 2010) | |
| | |    o Dismissed non-APA claims against private defendants challenging BIA decisions after Plaintiffs failed to exhaust BIA remedies | |
| | |    o It is "not equitable to hold private third-party companies liable for the U.S.'s alleged breaches of trust in the absence of an exhaustion of administrative procedures against the United States." | |
| | | • Eighth Circuit has also dismissed for failure to exhaust BIA appeals | |
| | |    o *Runs After v. U.S.*, 766 F.2d 347 (8th Cir. 1995) - In cases against the BIA, "the governmental interests in requiring exhaustion are particularly strong" because of the BIA's special expertise and experience and the special relationship between Indians and the U.S. | |
| | |    o *Klaudt* (8th Cir. 1993) - Since appellants "did not initiate even the first steps of the administrative appeal process," they were "simply not entitled to a judicial hearing on the merits of their claim...There can be no clearer case for the exhaustion of administrative remedies." | |

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| **Was it impossible for Plaintiffs to know of their claims before the BIA appeal deadline?** | NO | • No allegations of fraud or deception<br><br>Plaintiffs allege that they were aware of allegedly below-market lease approvals long before Dakota 3 E&P received the leases. (*See* Reply at p. 7) | Reply at 6-7 |
| **Would exhaustion have been pointless?** | NO | • While Plaintiffs could not have recovered money damages in a BIA appeal, they could have sought lease invalidation or renegotiation of terms.<br><br>• *Froholm*, 934 F.2d at 964-65 (8th Cir.) - mineral lessors, suing private party, must first exhaust remedies before seeking money damages from private defendants. | Reply at 5-6 |



12(b)(1)

Failure to Exhaust Administrative Remedies

Multiple Reasons for Dismissal

12(b)(7)

Failure to Join the U.S.

12(b)(6)

Failure to State a Claim

Failure to plead sufficient facts (Twombly)

North Dakota does not recognize Plaintiffs' causes of action

U.S. does not owe Plaintiffs an actionable fiduciary duty

Federal law preempts Plaintiffs' state law claims

16

## RULE 12(b)(6) - PREEMPTION

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| **Is there a dominant federal interest in oil and gas leasing on federal land?** | **YES** | • The Supreme Court held that implied preemption is found where an Act of Congress "touches a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev.*, 461 U.S. 190 (1983). <br><br> • This is distinct from traditional "field preemption," which requires "pervasive" regulation - and conflict preemption, which requires a specific conflict with state law. <br><br> • "The Constitution vests the federal government with <u>exclusive authority over relations with Indian tribes</u>." *Montana v. Blackfeet Tribe of Indians*, 471 U.S. 750 (1985). Congress has granted "exclusive authority for the regulation" of oil and gas leases on Indian lands to BIA. *Rainbow Res, Inc. v. Calf Looking*, 521 F. Supp. 682 (D. Mont. 1981). | Mem. at 11-13; Reply at 8-9 |
| **Do cases involving Native Americans require a unique preemption analysis?** | **YES** | • *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536 (8th Cir. 1996) - "Because of unique federal and tribal interests a less stringent test is applied when preemption is asserted as a defense in cases involving Indian affairs." <br><br> • Preemption can still apply "under familiar principles of preemption," but preemption of state laws affecting Indian tribes is even broader. *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324 (1983). <br><br> • "Ambiguities in <u>federal law should be construed generously and federal preemption</u> is not limited to those situations where Congress has explicitly announced an intention to pre-empt state activity." *Ramah Navajo School Bd. Inc. v. Bureau of Revenue of N.M.*, 458 U.S. 832 (1982). | Mem. at 11-12; Reply at 8-9 |
| **Do the dominant federal interests here preempt Plaintiffs' state law claims?** | **YES** | • State law is preempted "if it interferes or is incompatible with federal and tribal interests reflected in federal law." *Mescalero* (U.S. 1983). <br><br> • "Congressional Acts promoting . . . economic development[] inform the preemption analysis." *Ramah* (U.S. 1982). **(CONTINUED ON NEXT PAGE)** | Mem. at 11-13; Reply at 9-10 |

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| (CONTINUED) Do the dominant federal interests here preempt Plaintiffs' state law claims? | YES | • Multiple dominant federal interests here: <br>   ○ Managing relationships with independent sovereign nations <br>   ○ Defining and enforcing its own standards for grants of leases on Indian land <br>   ○ "[O]btain[ing] uniformity so far as practicable of the law relating to the leasing of tribal lands for mining purposes" *Blackfeet* (U.S. 1985) <br>   ○ Establishing policy to encourage and facilitate economic development on tribal lands <br><br> • *Everglades Ecolodge v. Seminole Tribe*, 836 F.Supp.2d 1296 (S.D. Fla. 2011) <br>   ○ Developer sued tribe alleging state law breach-of-contract claims based on an oil and gas lease under the Indian Long-Term Leasing Act. <br>   ○ The court held that state law was "incompatible with" the BIA's "interests in enforcing the provisions of the Act, and was therefore completely preempted. <br><br> • *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536 (8th Cir. 1996) <br>   ○ State claims against private party for breach of fiduciary duty were preempted because the claims were based on that party's role in the licensing processes governed by federal Indian gaming agency regulations. <br>   ○ Where application of state law would "interfere" with federal interests reflected in federal law, state law is preempted unless "the state interests at stake are sufficient to justify the assertion of state authority." <br>   ○ The U.S. "has a great interest in not having its decisions questioned by the tribunal of another sovereign," and "nothing in the structure" of the Act or regulations suggests that Plaintiffs "should have the right to use state law to challenge the outcome of an internal governmental decision." | Mem. at 11-13; Reply at 9-10 |

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| **Does preemption preclude recovery in any forum?** | NO | • If Defendants had independently wronged Plaintiffs, their claims would have nothing to do with the implementation or interpretation of federal regulations.<br><br>• Plaintiffs had the ability to seek redress against the U.S., the party that they alleged breached the fiduciary duty. They could have appealed with the BIA and then brought APA claims. They chose not to.<br><br>• The state-law aiding and abetting claims that hinge on the implementation and interpretation of federal Indian oil and gas leasing laws are preempted. | Reply at 10 |



**RULE 12(b)(6) - NO ACTIONABLE GOVERNMENT DUTY**

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| Do Plaintiffs' claims require them to prove the United States owed Plaintiffs a fiduciary duty? | YES | • "Specifically, Plaintiffs' aiding and abetting breach of fiduciary duty claim—along with the related common-law claims—**requires a showing of breach of fiduciary duty by the United States**." | Complaint at ¶ 18; Mem. at 15; Reply at 10 |
| Does a general trust relationship between the U.S. and Indian tribes create a fiduciary duty? | NO | • Where there is a "general trust relationship between the United States and the Indian people," that relationship does *not* impose an actionable fiduciary duty on the United States and cannot support a claim for damages.  *U.S. v. Navajo Nation*, 537 U.S. 488, 507 (2003) ("*Navajo Nation I*").<br><br>• Plaintiffs' key case, *Pawnee*, incorrectly equates a "general trust" relationship with an actionable fiduciary obligation. | Mem. at 15, 18; Reply at 15-17 |
| Must Plaintiffs prove that an actionable fiduciary duty exists? | YES | • The two-step analysis requires Plaintiff:<br><br>  (1) to identify a specific statute or regulation that imposes a duty on the U.S., and then<br><br>  (2) to demonstrate that the duty is fiduciary in nature because the statutes and regulations "unambiguously provide" that the United States has "undertaken full fiduciary responsibilities as to the management of allotted lands."<br><br>*U.S. v. Navajo Nation*, 556 U.S. 287, 301 (2009) ("*Navajo Nation II*"); *United States v. Mitchell*, 445 U.S. 535, 542 ("*Mitchell I*") | Mem. at 15-19 |
| Does a fiduciary duty only attach to the U.S. when statutes and regulations create a "comprehensive" framework that given the U.S. total control of managerial responsibilities over an Indian resource? | YES | • "*Mitchell I*"<br>  ○ Mere decision-making authority and involvement in Indian land does not create a fiduciary duty. Requires statutes and regulations to "unambiguously provide" that the United States "has undertaken full fiduciary responsibilities as to the management of allotted lands."<br>  ○ U.S. was empowered under the General Allotment Act to "consent to the sale of timber" and pay proceeds to Indian owners. But those trust duties did not create a fiduciary duty such that Plaintiffs could sue for "fail[ure] to obtain fair market value" for the time sold. **(CONTINUED ON NEXT PAGE)** | Mem. at 15-19 |

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| (CONTINUED) Does a fiduciary duty only attach to the U.S. when statutes and regulations create a "comprehensive" framework that given the U.S. total control of managerial responsibilities over an Indian resource? | | • *U.S. v. Mitchell*, 463 U.S. 206 (1983) (*"Mitchell II"*)<br><br>  ○ A fiduciary duty existed only where the U.S. had "literally daily supervision" over the harvesting and management of timber under regulations different than those in *Mitchell I*. The U.S. controlled "virtually every stage of the process."<br><br>• *Navajo Nation I*<br><br>  ○ Under the Indian Mineral Leasing Act ("IMLA"), mere trust duties over allotted lands that required the BIA to approve coal leases and royalty rates was not enough to create a fiduciary duty.<br><br>  Like with oil and gas leases, the tribes—not the U.S.—took the lead role in negotiating leases. The BIA's approval function did not "impos[e] upon the Government a fiduciary duty to oversee the management of allotted lands." | Mem. at 15-19; Reply at 11-12 |
| Have Plaintiffs identified a "specific rights-creating" duty that BIA violated? | NO | • Plaintiffs assert that BIA violated a duty by failing to maximize bonus bids and "use its fiduciary powers to negotiate and obtain huge payments" for allottees.<br><br>• Plaintiffs do not identify any statutory or regulatory prescription that requires the United States to pursue this specific end. | Complaint ¶ 26; Mem. at 22-23; Reply at 10-12 |
| Does § 396 "unambiguously provide" for "full fiduciary responsibilities as to the management of allotted lands"? | NO | • § 396 and its regulations do not bear the "hallmarks of a conventional fiduciary relationship," nor "unambiguously provide" that the United States "has undertaken full fiduciary responsibilities as to the management of allotted lands."<br><br>• § 396 functions like the IMLA in *Navajo Nation I*:<br><br>  ○ Initiation of and consent to leases rests with the allottees - Private negotiation, Public bid, Sealed bid<br><br>  ○ BIA only acts as approval authority<br><br>  ○ Statute "removed a standard element of a trust relationship by making 'the Indian allottee, and not [the government] responsible for using the land." (*Navajo I*) | Mem. at 20-22; Reply at 12-14 |

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| **Does § 396 provide the comprehensive managerial role found in *Mitchell II*?** | NO | • In *Mitchell II*, the BIA controlled "virtually every aspect" of timber leasing and "exercised literally daily supervision over the harvesting and management."<br>   ○ Long-term working plan for reservations<br>   ○ run-off and erosion controls<br>   ○ requirements for marking and scaling timber<br>   ○ base and top diameter restrictions<br>   ○ limited percentage of tress that could be cut<br>   ○ regulation of stump heights<br>   ○ limitation of road usage<br>   ○ limitation of speed of hauling equipment<br>   ○ load weight and height restrictions<br>• Here, the BIA's role is simply supervisory, without responsibility—or ability—to manage every aspect of oil and gas leases.<br>• Where, as here, the power to use and lease the land belongs to the allottees, the U.S. does not have a fiduciary duty. | Mem. at 22-23; Reply at 14-15 |
| **Does the 1998 addendum to § 396 create a fiduciary duty?** | NO | • Plaintiffs rely on language from a 1998 addendum to § 396 that the assert requires BIA approval of allottee mineral leases "in the best interest of the Indian owners." But this was a narrow-purpose amendment that does not create a fiduciary duty.<br>   ○ In Fort Berthold Reservation, there were a high number of fractionated interests in land.<br>   ○ The requirement that all owners in a parcel consent to leases made it cost-prohibitive for potential investors<br>   ○ Addendum allowed for consent of simple majority of owners and removed requirement that leases be offered for sale through public auction or advertisement<br>(CONTINUED ON NEXT PAGE) | Reply at 11-12 |

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| (CONTINUED) Does the 1998 addendum to § 396 create a fiduciary duty? | | • The addendum did not overhaul § 396. Congress said it only changed § 396 in two ways:<br><br>  ○ Waiving the unanimous consent requirement<br><br>  ○ Waiving the sale/auction requirement (S. Rep. No. 105-205)<br><br>• Congress did <u>not</u> see itself creating fiduciary obligations<br><br>• Addendum only applied to a limited portion of leases: limited to <u>fractionally owned</u> leases on <u>specific reservations</u>. A provision affecting only one subset of leases on one reservation cannot create an expansive fiduciary relationship between the U.S. and Indian allottee lessors.<br><br>Imposing a requirement to approve leases in the "best interest" of allottees does not translate to a requirement to refuse existing offers (including an 18% royalty rate) and employ "hold out" tactics in the hope that it will maximize profits. | Reply at 11-12 |
| Does *Pawnee* require dismissal? | YES | • *Pawnee* (Fed. Cir. 1987) is not controlling<br><br>• *Navajo I*'s ruling that a "limited trust relationship...does not impose any duty" trumps *Pawnee*'s holding that assumes "general trustee" of Indian leases has actionable fiduciary duty<br><br>• Even though *Pawnee*'s opinion was based on a flawed assumption, it still dismissed the allottees' claim that the BIA breached an obligation to pay gas royalties based on the highest market value. Nothing in the BIA regulations required royalties to be calculated in the manner allottees demanded. 830 F.2d at 191.<br><br>• Here, Plaintiffs allege that the lease bonuses were too low, but they identify no statutory or regulatory requirement creating a duty to maximize the bonuses.<br><br>  ○ Plaintiffs also ignore that the lead Plaintiffs' tracts were sold for the highest bid in a sealed bidding process. | Reply at 15-17 |



## RULE 12(b)(6) – STATE LAW CLAIMS NOT RECOGNIZED

| Question | Answer | Authority and Argument | Citations |
|---|---|---|---|
| Has North Dakota recognized "aiding and abetting" tort claims? | NO | • North Dakota has never recognized a claim for aiding and abetting breach of fiduciary duty<br><br>• Plaintiffs' only case to mention "aid and abet" in any context, *Hurt v. Freeland*, 589 S.W.2d 551, (N.D. 1999), dismissed an alleged claim for "aiding" a drunk driver. While the court noted that "other jurisdictions" recognized adopted Restatement of Torts' description of liability for "substantially assisting" another in committing a tort, it did not recognize such a claim in North Dakota. | Mem. at 27-29; Reply at 17-18 |
| Has North Dakota recognized "tortious inducement" claims? | NO | • North Dakota has never recognized a claim for "tortious inducement" of a breach of fiduciary duty.<br><br>• Plaintiffs' only case, *Zimprich v. North Dakota Harvestore Sys, Inc.*, 419 N.W.2d 912 (N.D. 1988), involved a credit company that lied to make another seize private property. The court stated the party could only be liable if the conduct would be tortious if it were his own. Conversely, Plaintiffs seek to hold Defendants liable for another party's actions, even though Defendants could never be liable for taking the same action—Defendants owe Plaintiffs no duty. | Mem. at 27-29; Reply at 17-18 |
| Do Plaintiffs concede that North Dakota has never applied these theories to breach of fiduciary duty? | YES | • Plaintiffs admit that North Dakota has "not yet had the opportunity to apply either cause of action to a case of fiduciary breach." | Resp. at 18 |
| Does the arms-length nature of the leases defeat Plaintiffs' derivative claims? | YES | • Negotiation of a favorable arms-length transaction with a fiduciary does not make that party liable for aiding and abetting the fiduciary's breach. *Gilbert v. El Paso Co.*, 490 A.2d 1050 (Del. Ch. 1984); *Malpiede v. Townson*, 780 A.2d 1075 (Del. Supr. 2001) | Mem. at 29; Reply at 18 |
| Does Plaintiffs' conspiracy claim fail because their other claims fail? | YES | • Conspiracy is a derivative tort. If Plaintiffs' aiding and abetting and tortious inducement claims fail, so does their conspiracy claim.<br><br>• "The underlying act itself must be actionable as a tort claim to support a claim for civil conspiracy." *Burris Carpet Plus, Inc. v. Burris*, 785 N.W.2d 164, 179 (N.D. 2010) | Resp. at 30; Mem. at 30-31 |



*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

Federal Rule of Civil Procedure 12(b)(6) requires this Court to dismiss Plaintiffs' Complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." The Plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Instead, specific factual allegations must be "enough to raise a right to relief above the speculative level."

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

"A complaint [does] not suffice if it tenders' naked assertions' devoid of further 'factual enhancement.'" Moreover, legal conclusions "couched as a factual allegation" are "not entitled to the assumption of truth." The requirement that the Plaintiffs provide enough facts to state a claim to relief that is "plausible" on its face requires showing "more than a sheet possibility that a defendant has acted unlawfully." Instead, where a complaint contains facts "that are 'merely consistent with' a defendant's liability . . . [it] 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Plaintiffs' pleadings are insufficient as a matter of law.

Plaintiffs' Complaint contains only vague and conclusory allegations. It constitutes merely a "formulaic recitation" of the claim elements, "devoid of further factual enhancement" that would put each defendant on notice as to the claims against it. Each Defendant will address the insufficiency of Plaintiffs' pleadings against it.